UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

YURIY KRIVOSHEY,

     Petitioner,

v.

                                          Case No.: 3:26-cv-539-MMH-SJH

KRISTI NOEM, et al.,

     Respondents.

_____/

## **ORDER**

Petitioner Yuriy Krivoshey initiated this action through counsel by filing a Petition for Writ of Habeas Corpus (Doc. 1; Petition). According to Krivoshey, an immigration judge ordered him removed on November 21, 2025; he did not pursue an appeal. Id. at 3–4. Krivoshey asserts that United States Immigration and Customs Enforcement (ICE) has detained him since July 21, 2025. Id. at 4. Krivoshey contends that his continued detention is unlawful because ICE has detained him beyond the presumptively reasonable removal period and ICE is not likely to remove him the foreseeable future. Id. He requests the Court order his immediate release. Id. at 5.

In Zadvydas v. Davis, 533 U.S. 678, 690 (2001), the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns. Once an order of removal is final, ICE should make every effort to remove the alien

within a reasonable time. Id. at 701. Further, the Court concluded that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. Id. "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden then shifts to the Government to provide evidence sufficient to rebut that showing. Id. (citing Zadvydas, 533 U.S. at 701). Thus, "in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Akinwale, 287 F.3d at 1052.

Krivoshey's removal order became final, and his removal period began to run, on December 21, 2025. See 8 U.S.C. § 1231(a)(1)(B). Thus, his claim under Zadvydas is not yet ripe, and the Petition is premature. When Krivoshey's Zadvydas claim becomes ripe, he may file a new petition to seek discharge from custody while he awaits removal.

Accordingly, it is **ORDERED**:

1.      Krivoshey's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

2.      The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on this 6th day of May, 2026.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 5/5
c:
Counsel of record

3